IN UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 2:09-CR-04 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MOTION TO DISMISS** |
| | ) | |
| | ) | |
| ROMAN CAVANAUGH, JR., | ) | |
| | ) | |
| Defendant. | ) | |

The Defendant, Roman Cavanaugh, Jr., through his attorney, Alexander F. Reichert, brings this motion to dismiss pursuant to the Federal Rules of Criminal Procedure, Rule 6(b)(1) and 28 U.S.C. § 1867(e), and asks that the Court grant his motion to dismiss the indictment. This motion is supported by the following argument.

### ARGUMENT

1. THE CASE SHOULD BE DISMISSED BECAUSE STATUTE 18 U.S.C. § 117(A)(1) IS UNCONSTITUTIONAL AS IT IS NOT A VALID EXERCISE OF CONGRESS'S POWER UNDER THE INTERSTATE COMMERCE CLAUSE.

In relevant part, the statute charging Mr. Cavanugh states:

(a) In general. Any person who commits a domestic assault within . . . Indian country and who has a final conviction on at least two prior occasions in . . . Indian tribal court proceedings for offenses that would be, if subject to Federal jurisdiction--

(1) any assault, sexual abuse, or serious violent felony against a spouse or intimate partner . . .

shall be fined under this title, imprisoned for a term of not more than five years. . .

18 U.S.C. 117(a)(1) (2006).

The Unites States Constitution contains the commerce clause, granting Congress the power "to regulate commerce with foreign nations, and among the several states, and with the Indian tribes." U.S. Const. Art. 1 § 8 cl. 3.  In addition, the Necessary and Proper Clause giving Congress the power to make any laws necessary and proper to carry out the enumerated powers, including the Commerce Clause.  U.S. Const. Art. 1. § 8 cl. 18.  The current legal standard for Commerce Clause analysis is derived from three recent Supreme Court cases.  United States v. Lopez, 514 U.S. 549 (1995); United States v. Morrison, 529 U.S. 598 (2000); Gonzales v. Raich, 545 U.S. 1 (2005). An analysis of the statute at issue here in light of the legal standard will prove the statute unconstitutional.

In Lopez, the Court laid out 3 categories of activities Congress can regulate: the channels of interstate commerce, the instrumentalities of interstate commerce, and local activities that substantially affect interstate commerce.  Lopez, 514 U.S. at 558-59.  It is easy to dispense with the first two possible justifications.  The statute does not regulate the use of channels of interstate commerce, nor does it have to do with prohibiting interstate transportation of goods through those channels, nor does it deal with protecting instrumentalities of, or things in, interstate commerce.  So, in order for the statute to be constitutional, it would have to regulate an activity substantially affecting interstate commerce.  Lopez, 514 U.S. at 559.

Of paramount importance to the consideration of whether a regulation under the commerce clause power is constitutional is whether the local activity being regulated is economic or part of a larger regulatory scheme aimed at economic activity.  Id.  When there is economic activity with a substantial effect on interstate commerce being regulated, the Supreme Court has sustained the regulation.  Lopez, 514 U.S. at 560.

When the local activity is economic in nature, like growing wheat or marijuana which could be bought or sold on the open market, the Court has even considered the aggregate effect of all such intrastate activity when assessing the substantiality of its affect on interstate commerce. Wickard v. Filburn, 317 U.S. 111 (1942); Gonzales v. Raich, 545 U.S. 1 (2005).

The statute at issue here concerns domestic assault and previous convictions therefore. 18 U.S.C. 117(a)(1) (2006). This is similar to two of the three major cases for commerce clause analysis. In Lopez, the court found that a "criminal statute that by its terms has nothing to do with 'commerce' or any sort of economic enterprise . . ." was unconstitutional. Lopez, 514 U.S. at 561. As the court noted in Morrison, "a fair reading of Lopez shows that the non-economic, criminal nature of the conduct at issue was central to our decision in that case." United States v. Morrison, 529 U.S. 598, 610 (2000). In Morrison, Congress enacted a civil remedy provision for victims of gender-motivated crimes. Id., at 598. The Court there struck down the statute as unconstitutional, noting that "in those cases where we have sustained federal regulation of intrastate activity based upon the activity's substantial effects on interstate commerce, the activity in question has been some sort of economic endeavor." Id., at 611. There, as here, the activity regulated involved violence against women. Id. That does not suffice to make the statute constitutional. Id.

Also useful to the analysis is whether the statute at issue contains a jurisdictional element limiting the reach of the statute to those activities specifically affecting interstate commerce. Id. at 611-12. In Lopez, there was no such element and the statute was found unconstitutional. 514 U.S. 549. Thereafter, congress passed a felon in possession

statute limiting the reach of the act to possession of guns which had specifically traveled within interstate commerce. That statute was upheld. Here, there is no attempt to limit any of the elements to those specifically affecting interstate commerce. Like in Morrison, regulation of this type of violence is not constitutionally regulable by congress. The states (and Indian country) have laws dealing with such matters, and Supreme Court jurisprudence makes clear that, absent any economic activity in the regulation or any jurisdictional nexus between the activity and interstate economic activity, the regulation of intrastate non-economic activity by congress is unconstitutional.

2. THE CASE SHOULD BE DISMISSED BECAUSE THE INDICTMENT IS FATALLY DEFECTIVE AS IT FAILS TO LIST AN ESSENTIAL ELEMENT OF THE OFFENSE: "AGAINST A SPOUSE OR INTIMATE PARTNER."

In United States v. Denmon, the defendant was convicted of selling three air drills owned by the United States in violation of 18 U.S.C. § 614. United States v. Denmon, 483 F.2d 1093, 1094. The indictment failed to charge that the defendant acting knowingly, unlawfully, and willfully. Id. at 1095. The criminal intent of the defendant was found by the court to be an essential element of the offense, and therefore the omission of it made the indictment fatally defective. Id.

The court concluded that a defect of this type is more than a matter of form or technical pleading but constitutes a substantive defect in the indictment. Id. "It is elementary in American jurisprudence that an indictment must set forth the essential elements of the offense charged, and if it does not, a conviction based thereon is fatally defective." Id. If the essential elements of the offense are not charged in the indictment,

then there can be no assurance that the grand jury would indict if it had considered the exact elements. Id.

The United States Supreme Court has held that an indictment must allege all of the essential elements of a crime in order to be sufficient. Id. (citing United States v. Debrow, 346 U.S. 374, 376). The government can remedy the defect of not alleging a specific element by following the "fairness test." Id. at 1095-96. "The fundamental purpose of the pleadings is to inform the defendant of the charge so that he may prepare for his defense, and the test of sufficiency ought to be **whether it is fair to the defendant to require him to defend on the basis of the charge as stated in the particular indictment or information**. The stated requirement that every ingredient or essential element of the offense should be alleged must be read in the light of the fairness test just suggested." Id. (emphasis added).

If an indictment is lacking an essential element of the offense, then it can raise the issue of the Fifth Amendment's Grand Jury requirement. Id. at 1098. A defendant has a right to be tried upon charges found by a Grand Jury. Id. at 1097. If the essential element of the crime is excluded from the indictment, a court cannot say that the Grand Jury would have returned a true bill against the defendant if it had not been. Id.

Here, the indictment's language stating that Cavanaugh has convictions for "assault, sexual abuse, or serious violent felony" fails to state the essential element of the offense, specifically, prior convictions for "any sexual abuse or serious violent felony **against a spouse or intimate partner**." (emphasis added). This makes the indictment fatally defective and raises a Fifth Amendment issue. Because the addition of the proper

element language could change the Grand Jury's determination the fairness test will not apply. Also, as in Denmon, because the error could change the Grand Jury's determination and raises a Fifth Amendment issue, the government cannot use jury instruction to remedy the defect. Thus, the indictment is fatally defective and should be dismissed.

   3. THE INDICTMENT SHOULD BE DISMISSED BECAUSE THE DEFENDANT DID NOT HAVE LEGAL COUNSEL FOR PREVIOUS CONVICTIONS, AND THEREFORE, THEY ARE UNCONSTITUTIONAL.

Even if the Court finds that the error in the indictment was not fatally defective, the tribal convictions used to support the federal charges in this case were charges which did not afford the Defendant the right to counsel. Therefore, it would be violation of the Defendant's due process rights to use these convictions to support the current charge, and the indictment should be dismissed.

According to United States v. Benthurum, a person cannot have been considered to have been convicted of an offense unless the person was represented by counsel in the case. 343 F.3d 712 (5th Cir. 2003). This case involved the application of 18 U.S.C. § 922(g)(9) which prohibits the possession of a firearm for individuals convicted of a misdemeanor crime of domestic violence. Id. Under this statute, courts have stated that Congress was aware that some individuals prosecuted under the statute would not have been represented by counsel in their predicated misdemeanor offense. United States v. Hartsock, 347 F.3d 1 (1st Cir. 2003). There is a potential that an indigent defendant uncounseled in a misdemeanor crime of domestic violence would later violate § 922(g)(9) by possessing a firearm and be imprisoned. Id.

Here, though the statute does not expressly provide the same provision for those who were unrepresented in their prior convictions, a similar analysis of Congress's awareness of indigent defendants must be considered. The statute applicable in this case, 18 U.S.C. § 117, has not yet been construed by courts under these circumstance. Because this is an issue of first impression, courts analysis of similar sections, like 18 U.S.C. § 922(g)(9), can be looked at for support of an appropriate statutory interpretation in this case.

As was found in Hartsock, Congress must have been aware that some individuals prosecuted under 18 U.S.C. § 177 would not have been represented by counsel in their previous convictions. Id. In these circumstances, Congress intended that those individuals would not be considered to be convicted of the offense. See 18 U.S.C. § 921(a)(33)(B)(i). Therefore, in the present case, because the Defendant was not represented by counsel in his tribal convictions, he should not be considered to have committed the offenses, and the indictment should be dismissed for lack of the first required element under the statute. 18 U.S.C. § 117(a).

In addition, the North Dakota Supreme Court and many other state courts have stated that a "prior uncounseled misdemeanor conviction could not be used collaterally to impose an increased term of imprisonment upon a subsequent conviction. State v. Orr, 375 N.D. 171 (1985). Certain federal cases support the claim that an uncounseled conviction is too unreliable to support the sanction of imprisonment. Id. (citing Argersinger, 407 U.S. 25 (1972), Scott, 440 U.S. 367 (1979) (holding that absent a valid waiver, no person may be imprisoned for an offense, misdemeanor or felony, unless he were represented by counsel), Tucker, 404 U.S. 443 (1972)(uncounseled conviction could not be considered by court in sentencing defendant after later conviction), Burgett, 389

U.S. 109 (1967) (uncounseled conviction cannot be used for enhancement of punishment under a recidivist statute). The court in Orr guided by these federal cases concluded that all municipal courts (and others) must obtain a valid waiver of counsel on the record or afford a nonindigent defendant the opportunity to retain counsel, or appoint counsel for an indigent defendant regardless of the penalty to be imposed, if enhancement of punishment for a subsequent conviction is not to be precluded. Id. at 179.

It is common knowledge to this Court and the discovery provided in this case also shows that Tribal Prosecutions in this state never give the benefit of government appointed counsel to the defendant. See U.S. v. Lara, 541 U.S. 193 (2004).

In this case, the risk that the previous convictions would affect the Defendant in future convictions should not have been precluded. The convictions were unconstitutional under Scott and Gideon because the Defendant was not represented by counsel when he was convicted of the previous offenses. Under Burgett, the previous uncounseled convictions cannot be used under a recidivist statute. Therefore, because the Defendant's previous uncounseled convictions were unconstitutional (as a violation of the Defendant's due process rights) and cannot be used under a recidivist statute, the indictment in this case should be dismissed. In addition, the statutory construction of 18 U.S.C. § 177 is similar to 18 U.S.C. § 922(g)(9). Therefore, the Congress's requirement under § 922(g)(9) that uncounseled convictions are not considered convictions should also apply to § 117. Therefore, the indictment should also be dismissed on that ground.

CONCLUSION

For all the reasons stated above, the Defendant respectfully requests that the court dismiss the indictment in the above-captioned case.

Dated this 29 day of September, 2009.

REICHERT ARMSTRONG

_____/s/_____
**ALEXANDER F. REICHERT**
**(ND ID #05546)**
218 South 3rd Street
Grand Forks, ND 58201
(701) 787-8802
ATTORNEY FOR DEFENDANT